UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                  Case No.: 16-bk-03388
                                                                              Chapter 7
GEORGE W DESOTO
LORRAINE J DESOTO
Debtor.
_____

**MOTION TO SELL REAL PROPERTY**
**FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS**
(4199 Hidden Lakes Dr)
(Request for hearing prior to April 18, 2017)

COMES NOW Arvind Mahendru, Chapter 7 Trustee, by and through his undersigned counsel, and hereby moves for authority to sell certain improved real property free and clear of all liens, encumbrances and interests, and in support thereof states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

**BACKGROUND**

4. On May 20, 2016, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Arvind Mahendru was appointed Chapter 7 trustee (the "Trustee").

1

The Debtor owns real property, by virtue of a deed, located at 4199 Hidden Lakes Dr, Mims Florida, more particularly known as:

Lot 6, Block 4, HIDDEN LAKES, PHASE ONE, UNIT ONE, REPLAT, according to the plat thereof recorded in Plat Book 34, Pages 82 through 84, Public Records of Brevard County, Florida.
Together with a certain retired 2007 Rancho Bonito mobile home located thereon as a fixture and appurtenance thereto: VIN #'s: PH0916847AFL, PH0916847BFL, and PH0916847CFL LAKE OLYMPIA (the "Property").

6. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is encumbered as follows:

   a. first mortgage lien exceeding $202,900.00 and in favor of Wells Fargo Bank, NA as set forth in Book 6561, Page 1403, recorded in the public records of Brevard County, Florida, , then assigned to Specialized Loan Servicing LLC in O.R. Book 7714, Page 2142

7. The Trustee has accepted an offer from Kenneth E Ritter (the Buyer) to purchase this home in the amount of $120,000.00, as payment in full (subject to Court and Lienholder approval). The current offer was not the only offer on the property but is the highest offer. Moreover, the estate believes it is a fair offer for the current economy and the length the property has remained on the market.

8. Any real property taxes will be paid prorated.

9. The sale price of $120,000.00, net the closing costs and anticipated approximate $5,750.00 11 U.S.C. 503(c) surcharge to the bankruptcy estate, will not be enough to satisfy the outstanding lien. Accordingly, the Trustee has sought approval of the sale by the lien holder(s) of the property. To that end, the lienholders are hereby on notice that

if they believe they are receiving less than reasonable value for the release of their liens, they need to object to the proposed sale of the Property.

10. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit "A."

11. The Buyer is a disinterested party, the Trustee finds him to be acting in good faith, and it should be afforded the protections under Section 363(m).

## AUTHORITY TO SELL

12. Pursuant to §363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Additionally, pursuant to § 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

13. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of § 363(f).

14.  The Trustee avers that he shall satisfy section 363(f)(2) insofar as the senior lien holder has consented to a sale of the property. Upon satisfaction of 363(f)(2), the Trustee should then be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

15. No allegation contained in this Motion or attachments thereto are intended by the Trustee as an attempt to seek approval of professional fees, trustee fees or costs. Amounts denoted for fees or benefit of creditors in the instant motion or attachments thereto are for reference only. Monies collected by the Trustee shall be deposited in an estate account and will be distributed pursuant to applicable bankruptcy law. Moreover, professional compensation and Trustee compensation shall be sought by separate application to the Court.

## CONCLUSION

16. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the Secured Creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $120,000.00 in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto:

A. Authorizing the sale of the Property to the purchaser free and clear of all liens, encumbrances, or interests of any party; and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without

limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs:

| | |
|---|---|
| Total Sales/Brokers Commission: | |
|     6% to Keller Williams | $7,200.00* |
| *commission is anticipated to be shared with cooperating agent | |
| | |
| Title Charges: | $1,225.00 |
| Government recording / transfer charges: | $840.00 |
| Other / Debits (*incl. 506(c) surcharge*) | $6,680.00 |
| Satisfaction of Liens: | |
|     SLS    (home mortgage) | $103,536.00 |

D. Determining that all affected interests have been adjudged and declared to be unconditionally released as to the Property;

E. Determining that the Buyer has not assumed any liabilities of the Debtor;

F. Determining that the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyer is entitled to all protections of Section 363(m) of the Bankruptcy Code, and

G. Granting the Trustee such other and further relief as is just and proper.

                              Respectfully submitted,

                             /s/ Arvind Mahendru
                             Arvind Mahendru, Esq.
                             5703 Red Bug Lake Rd. #284
                             Winter Springs, FL 32708
                             407-504-2462

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to all parties listed below this March 20, 2017.

Shaina Druker on behalf of Creditor Wells Fargo Bank, N.A via ECF; George W. Desoto, 195 Costa Rica, Edgewater, FL 32141-7649 and Lorraine J. Desoto, 195 Costa Rica, Edgewater, FL 32141-7649, Catherine J Jones, LegalNinja, LLC, 400 Orange St, Titusville, FL 32796

                             /s/ Arvind Mahendru
                             Arvind Mahendru, Esq.